1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM JAY PRICE,                        No.  2:13-cv-1149-EFB P

12                    Plaintiff,

13          v.                                   ORDER DISMISSING ACTION FOR
                                                 FAILURE TO STATE A CLAIM
14    DENNY FORLAND,

15                    Defendant.

16

17          Plaintiff, a civil detainee, proceeds pro se with this civil action.[1]  He seeks leave to

18    proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  He has submitted the affidavit required

19    by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor.

20    Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

21          Determining that plaintiff may proceed in forma pauperis does not complete the required

22    inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the case at any time if it

23    determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24    state a claim on which relief may be granted, or seeks monetary relief against an immune

25    defendant.

26    _____

27    [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)
      and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx.
28    A, at (k)(4).

                                                1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal

10   theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v.*

11   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

17   "requires a complaint to include a short and plain statement of the claim showing that the pleader

18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

19   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

20   *Conley v. Gibson*, 355 U.S. 41 (1957)).

21    In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

22   of a federal constitutional or statutory right; and (2) that the violation was committed by a person

23   acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*,

24   297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil rights claim

25   unless the facts establish the defendant's personal involvement in the constitutional deprivation or

26   a causal connection between the defendant's wrongful conduct and the alleged constitutional

27   deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

28   740, 743-44 (9th Cir. 1978).

1   Plaintiff purports to bring this action under 42 U.S.C. § 1983.  He alleges that his attorney

2 violated the California Rules of Professional Conduct during the course of representing him in his

3 petition for supervised outpatient release.  He also alleges that his attorney provided ineffective

4 assistance of counsel and that his current confinement is illegal.  However, his allegations fail to

5 state a claim upon which relief may be granted.

6   First, any potential claims for legal malpractice do not come within the jurisdiction of the

7 federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Second, attorneys in

8 private practice are not state actors, and therefore do not act under color of state law, an essential

9 element of a section 1983 claim.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d

10 1156, 1161 (9th Cir. 2003).  Moreover, public defenders do not act under color of state law for

11 purposes of section 1983 when performing a lawyer's traditional functions.  *See Polk County v.*

12 *Dodson*, 454 U.S. 312, 318-19 (1981).

13   In addition, plaintiff improperly challenges the fact or length of his confinement in this

14 action.  While civil rights actions filed pursuant to section 1983 are appropriate for challenges to

15 the *conditions* of confinement, challenges in federal court to the *fact or the length* of confinement

16 generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See*

17 *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Plaintiff's claim based on the alleged ineffective

18 assistance of his defense counsel amounts to an attack on the validity of his current confinement.

19 Such a claim is not cognizable under section 1983 unless and until plaintiff can show that his term

20 of confinement has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994);

21 *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (applying *Heck* to civil

22 detainees).

23   Further, from the facts already alleged it is clear that amended cannot cure these legal

24 impediments to plaintiff's claims.  For these reasons, the complaint must be dismissed without

25 leave to amend for failure to state a claim upon which relief may be granted.  *See Gardner v.*

26 *Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir.

27 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely

28 clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation

3

1    marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court

2    should grant leave to amend even if no request to amend the pleading was made, unless it

3    determines that the pleading could not be cured by the allegation of other facts.").

4          Accordingly, IT IS ORDERED that this action is dismissed without leave to amend for

5    failure to state a claim and the Clerk of the Court shall close the case.

6    DATED:  October 28, 2013.

7

8                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4